# Exhibit A

STATE OF INDIANA    )    IN THE ST. JOSEPH CIRCUIT/SUPERIOR COURT
    ) SS:    **71D07-2106-PL-000225**
COUNTY OF ST. JOSEPH  )    CAUSE NO. _____

| | |
|---|---|
| ISIAH WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Isiah Ward ("Ward"), for his Complaint for Damages against Defendant, State

Farm Fire and Casualty Company ("State Farm"), alleges and states as follows:

### Parties and Jurisdiction

1.     At all times relevant, Plaintiff, Isiah Ward, was a citizen of the State of Indiana

and rented property and resided within St. Joseph County at 525 West 4th Street, Mishawaka, IN

46544.

2.     Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant")

is an insurance company located in Bloomington, Illinois. State Farm is duly licensed with the

Indiana Department of Insurance to conduct business and provide certain types of insurance in

the State of Indiana, including renter's insurance.

3.     Venue is proper in this Court.

4.     This Court has personal jurisdiction over the parties and subject matter

jurisdiction over the claims asserted herein.

### **Factual Allegations**

5.      State Farm and Ward are parties to a contract of insurance, identified as Policy No. 14-EB-T843-9 (the "Policy") with effective dates of coverage from November 7, 2020 to November 7, 2021, a true and accurate copy of which is attached hereto and made a part hereof as **Exhibit A**.

6.      On January 22, 2021, due to a theft, Ward suffered significant loss to his personal property located at his residence premises.

7.      In accordance with the terms and conditions of the Policy, Ward reported the loss to State Farm.  State Farm assigned Claim No. 14-15S4-30Q to the loss and assigned the claim to Victor Rodriguez, Claim Specialist, for investigation.

8.      State Farm failed and/or refused to adjust the loss in a timely fashion.

9.      State Farm expended a great deal of time and effort following the loss attempting to identify some basis to either deny or significantly reduce Plaintiff's claim, and/or to deny, or at least postpone, payment of the claim.

10.     To date, State Farm has failed to abide by the terms and conditions of the Policy and has failed to indemnify the insured as required and agreed, by, without limitation:

      A.      Refusing to provide any policy proceeds to Ward for the loss;

      B.      Unreasonably delaying the investigation of the claim;

      C.      Taking unreasonable and unwarranted positions regarding policy interpretation; and

      D.      Otherwise failing to adjust the loss properly and pay the claim in a timely manner, including forcing the insured to institute litigation to obtain benefits of his policy.

11.     State Farm's actions have been designed to take advantage of State Farm's considerably stronger bargaining position, all in an apparent effort to force the insured to accept a settlement on less favorable terms than what State Farm should be required to pay under the circumstances of this loss and the terms and conditions of the Policy.

12.     State Farm has failed and refused to place the insured's interests on at least equal footing with its own, and has made an unfounded refusal to pay policy proceeds, and/or has unreasonably delayed paying the proceeds and/or adjusting the loss.

13.     State Farm has engaged in a furtive design to avoid paying policy proceeds.

14.     State Farm imposed conditions on its insured that were not included in or required by the policy of insurance.

15.     State Farm's actions and inactions described above have damaged the insured by depriving him of the time value of money due and payable to him long ago, forcing the insured to hire and pay legal counsel, and causing him other incidental and consequential loss and damage.

## Causes of Action

### COUNT ONE – BREACH OF CONTRACT

16.     Ward incorporates by reference paragraphs 1 through 15 of this Complaint as if set forth herein in their entirety.

17.     State Farm breached the terms and conditions of its insurance contract with Ward.

18.     As a direct and proximate result of State Farm's breach of contract, Ward has suffered damages, including, without limitation:  (a) direct damages; (b) consequential damages; (c) incidental damages; (d) pre-judgment interest; (e) attorneys' fees; and (f) other damages not yet identified.

WHEREFORE, Ward, by counsel, prays for damages for State Farm's breach of contract, and for all other proper relief in the premises.

### COUNT TWO – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

19.     Ward incorporates by reference paragraphs 1 through 18 of this Complaint as if set forth herein in their entirety.

20.     State Farm breached its duty to act in good faith in dealing with its insured.

21.     State Farm acted with malice, fraud, gross negligence, and oppressiveness in refusing to pay Ward the full claim under the Policy.

22.     State Farm's failure to pay Ward's claim in a timely manner, failure to pay the appropriate value of the claim, and its treatment of the insured in general under the circumstances of this loss was unfounded and was based on a furtive design by State Farm to avoid payment of proceeds due and/or to delay making payments.

23.     As a direct and proximate result of State Farm's bad faith, Ward has been damaged.

WHEREFORE, Ward, by counsel, prays that the Court assess damages against State Farm in an amount sufficient to compensate Ward for the direct and consequential damages he has suffered as a result of State Farm's bad faith, as well as pre-judgment and post-judgment interest, attorneys' fees, and all other relief just and proper in the premises.

4

Respectfully submitted,


By\_\_\_ /s/ Michael L. Schultz
      Michael L. Schultz (20361-49)
      PARR RICHEY FRANDSEN PATTERSON
       KRUSE LLP
      251 N. Illinois Street, Suite 1800
      Indianapolis, IN 46204
      Telephone:   (317) 269-2500
      Facsimile:   (317) 269-2514
      E-mail:   mschultz@parrlaw.com

      *Attorneys for Plaintiff, Isiah Ward*

1656027

5

**71D07-2106-PL-000225**

**State Farm Fire and Casualty Company**
*A Stock Company With Home Offices in Bloomington, Illinois*

Po Box 88049
Atlanta GA 30356-9901

AT2          H-18-162A-FBF4  F  H 4
                    3201
WARD, ISIAH
525 W 4TH ST
MISHAWAKA IN   46544-1826

🔲 *State Farm*

# DECLARATIONS

**AMOUNT DUE:**                              **None**
**Payment is due by  BILLED THRU SFPP**

**Policy Number:**     14-EB-T843-9

**Policy Period:**   12 Months
**Effective Dates:** NOV 7 2020 to NOV 7 2021
The policy period begins and ends at 12:01 am standard
time at the residence premises.

## RENTERS POLICY

**Location of Residence Premises**
525 W 4TH ST
MISHAWAKA IN  46544-1826

**Your State Farm Agent**
MICHAEL KNORR
6910 N MAIN ST UNIT 22A
GRANGER IN  46530-8845

**Phone: (574) 277-9772**

**Automatic Renewal**
If the **POLICY PERIOD** is shown as **12 MONTHS,** this policy will be renewed automatically subject to the premiums, rules,
and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lien-
holder written notice in compliance with the policy provisions or as required by law.

**PREMIUM**

| | | |
|---|---|---|
| Annual Premium | $ | 228.00 |
| *Your premium has already been adjusted by the following:* | | |
| Home Alert | | |
| Claim Record | | |
| **Total Premium** | **$** | **228.00** |

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

### &. State Farm

| NAMED INSURED | MORTGAGEE AND ADDITIONAL INTERESTS |
|---|---|

WARD, ISIAH

### SECTION I - PROPERTY COVERAGES AND LIMITS

| Coverage | Limit of Liability |
|---|---|
| B Personal Property | $ 50,000 |
| C Loss of Use | $ 20,000 |

**Additional Coverages**

| | |
|---|---|
| Arson Reward | $1,000 |
| Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money | $1,000 |
| Debris Removal | Additional 5% available |
| Fuel Oil Release | $10,000 |
| Locks and Remote Devices | $1,000 |
| Trees, Shrubs, and Landscaping | 10% of Coverage B amount/$750 per item |

### SECTION II - LIABILITY COVERAGES AND LIMITS

| Coverage | Limit of Liability |
|---|---|
| L Personal Liability (Each Occurrence) | $ 100,000 |
| Damage to the Property of Others | $ 1,000 |
| M Medical Payments to Others (Each Person) | $ 1,000 |

### INFLATION

Inflation Coverage Index: 260.3

### DEDUCTIBLES

| Section I Deductible | Deductible Amount |
|---|---|
| All Losses | $ 500 |

### LOSS SETTLEMENT PROVISIONS

B1 Limited Replacement Cost - Coverage B

NOV 16 2020

HO-2000

Page 2 of 3

**14-EB-T843-9**                                              *State Farm*

### FORMS, OPTIONS, AND ENDORSEMENTS

| | |
|---|---|
| H4-2114 | Renters Policy |
| HO-2248 | Amendatory Endorsement |
| Option JF | Jewelry and Furs $2,500 Each Article/$5,000 Aggregate |
| Option BP | Business Property   $ 5,000 |
| Option SG | Silverware Theft $10,000 |

### ADDITIONAL MESSAGES

State Farm® works hard to offer you the best combination of price, service, and protection. The amount you pay for homeowners insurance is determined by many factors such as the coverages you have, the type of construction, the likelihood of future claims, and information from consumers reports.

You have the right to request, no more than once annually, that your policy be re-rated using a current credit-based insurance score. Re-rating could result in a lower rate, no change in rate, or a higher rate.

**Other limits and exclusions may apply - refer to your policy**

Your policy consists of these Declarations, the Renters Policy shown above, and any other forms and endorsements that apply, including those shown above as well as those issued subsequent to the issuance of this policy.

This policy is issued by the State Farm Fire and Casualty Company.

**Participating Policy**

You are entitled to participate in a distribution of the earnings of the company as determined by our Board of Directors in accordance with the Company's Articles of Incorporation, as amended.

In Witness Whereof, the State Farm Fire and Casualty Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

*Lynne M. Yourell*                        *Michael F. Tipsord*
Secretary                                     President

Prepared   NOV 16 2020                                 Page  3 of 3
HD-2000
000653   160
N



This policy is one of the broadest forms available today, and provides you with outstanding value for your insurance dollars.   However, we want to point out that every policy contains limitations and exclusions.    Please read your policy carefully, especially "Losses Not Insured" and all exclusions.

# State Farm®
# Renters
# Policy

**Indiana**
H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

# RENTERS POLICY

## TABLE OF CONTENTS

AGREEMENT .................................................1

DEFINITIONS ...............................................1

DEDUCTIBLE................................................5

SECTION I – PROPERTY COVERAGES ....................5

  COVERAGE B – PERSONAL PROPERTY.............5

    Property Covered ...............................5

    Special Limits of Liability ....................5

    Property Not Covered .........................6

  COVERAGE C – LOSS OF USE....................7

    Additional Living Expense ...................7

    Fair Rental Value...............................7

    Prohibited Use ..................................7

  SECTION I – ADDITIONAL COVERAGES...........8

    Debris Removal .................................8

    Temporary Repairs............................8

    Trees, Shrubs, and Landscaping .........8

    Building Additions and Alterations.......8

    Property Removed .............................8

    Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money.........8

    Power Interruption .............................9

    Refrigerated Products ........................9

    Arson Reward....................................9

    Volcanic Action.................................9

    Collapse ..........................................9

    Locks and Remote Devices...............10

    Fuel Oil Release ..............................10

  INFLATION COVERAGE ..........................10

SECTION I – LOSSES INSURED ................11

  COVERAGE B – PERSONAL PROPERTY.............11

SECTION I – LOSSES NOT INSURED......................13

SECTION I – LOSS SETTLEMENT ...........................15

  COVERAGE B – PERSONAL PROPERTY...........15

    B1 – Limited Replacement Cost Loss Settlement .......................................15

    B2 – Depreciated Loss Settlement..................16

SECTION I – CONDITIONS.....................................16

  Insurable Interest and Limit of Liability....................16

  Your Duties After Loss ...............................16

  Loss to a Pair or Set .................................17

  Appraisal ..................................................17

  Other Insurance ........................................18

  Suit Against Us ..........................................18

  Our Option ................................................18

  Loss Payment ...........................................18

  Abandonment of Property ..........................18

  Glass Replacement....................................18

  No Benefit to Bailee ..................................18

  Recovered Property ...................................19

  Assignment of Claim ..................................19

SECTION II – LIABILITY COVERAGES ......................19

  COVERAGE L – PERSONAL LIABILITY ...............19

  COVERAGE M – MEDICAL PAYMENTS TO OTHERS .................................................19

  SECTION II – ADDITIONAL COVERAGES............19

    Claim Expenses...............................19

    First Aid Expenses............................20

    Damage to Property of Others.............20

SECTION II – EXCLUSIONS....................................20

SECTION II – CONDITIONS.....................................24

  Limit of Liability ........................................24

  Severability of Insurance............................24

  Duties After Loss.......................................24

  Coverage M Requirements ........................25

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016

H4-2114

Payment of Claim – Coverage M or Damage
to Property of Others ..................................25

Suit Against Us ...........................................25

Bankruptcy of an Insured..............................25

Other Insurance – Coverage L.......................25

**SECTION I AND SECTION II – CONDITIONS.............25**

Policy Period ...............................................25

Concealment or Fraud ..................................25

Liberalization Clause.....................................25

Waiver or Change of Policy Provisions....................25

Cancellation ................................................25

Nonrenewal.................................................26

Assignment of Policy.....................................26

Subrogation and Reimbursement ...........................26

Death .......................................................27

Conformity to State Law...............................27

Premium....................................................27

Right to Inspect ...........................................27

Joint and Individual Interests .......................28

Change of Policy Address..............................28

Electronic Delivery .......................................28

Our Rights Regarding Claim Information .................28

Duties Regarding Claim Information .........................28

**CONTINGENT WORKERS COMPENSATION .............28**

**OPTIONAL POLICY PROVISIONS...............................29**

Option BP – Business Property ...............................29

Option BU – Business Pursuits...................................29

Option FA – Firearms....................................30

Option IO – Incidental Business..................................30

Option JF – Jewelry and Furs....................................31

Option SG – Silverware and Goldware Theft...........31

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

## RENTERS POLICY
## AGREEMENT

*We* agree to provide the insurance described in this policy:

1. based on *your* payment of premium, in a form acceptable to *us*, for the coverages *you* chose;

2. based on *your* compliance with all applicable provisions of this policy; and

3. based on the information *you* have given *us* and *your* statements in this agreement.

*You* agree, by acceptance of this policy, that:

1. *you* will pay premiums when due and comply with the provisions of this policy;

2. the statements in this agreement are *your* statements and are true;

3. *we* insure *you* on the basis *your* statements are true; and

4. this policy contains all of the agreements between *you* and *us* and any of *our* agents.

Unless otherwise indicated in the application, *you* state that during the five years preceding the time of *your* application for this insurance *you*, and the members of *your* household, have not had any insured losses, whether paid or not, that to the best of *your* knowledge would have been covered under the terms of this or a similar policy.

When *you* request changes to this policy, or the information or factors used to calculate the premium for this policy changes during the policy period, *we* may adjust the premium in accordance with the change during the policy period and *you* must pay any additional premium due within the time *we* specify.

## DEFINITIONS

*We* define the following words and phrases for use throughout this policy. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in bold italics.

1. *"actual cash value"* means the value of the damaged part of the property at the time of loss, calculated as the estimated cost to repair or replace such property, less a deduction to account for pre-loss depreciation. For this calculation, all components of this estimated cost including, but not limited to:

   a. materials, including any tax;

   b. labor, including any tax; and

   c. overhead and profit;

   are subject to depreciation.

   The depreciation deduction may include such considerations as:

   a. age;

   b. condition;

   c. reduction in useful life;

   d. obsolescence; and

   e. any pre-loss damage including wear, tear, or deterioration;

   of the damaged part of the property.

2. *"bodily injury"* means physical injury, sickness, or disease to a person. This includes required care, loss of services, and death resulting therefrom.

   *Bodily injury* does not include:

   a. any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any *insured* to any other person;

   b. the actual or alleged exposure to any such disease, bacteria, parasite, virus, or other organism by any *insured* to any other person; or

   c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

3. *"building structure"* means a structure fully enclosed with permanent walls and a roof. A permanent wall or roof does not include any kind of temporary materials including but not limited to tarps, plastic

© Copyright, State Farm Mutual Automobile Insurance Company, 2018
H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

sheeting, or other similar material. A structure that is otherwise fully enclosed with permanent walls and a roof, that is undergoing repairs due to a recent *loss insured*, using materials such as tarps, plastic sheeting, or other similar material, is still considered a *building structure*.

A *building structure* includes:

a.  the foundation supporting the structure, including:

    (1)  slabs;

    (2)  basement walls;

    (3)  crawl space walls;

    (4)  footings; and

    (5)  gravel, stone, or sand, used as fill material and located not more than 12 inches directly below a slab described in item a.(1), including water supply lines, domestic water pipes, and sewer pipes located within this fill material; and

b.  wall-to-wall carpeting attached to the structure.

4.  *"business"* means any full-time or part-time activity, trade, profession, employment, or occupation or a commercial, mercantile, or industrial undertaking of an economic nature. It does not matter whether it is continuous or regular, is a secondary or supplemental source of income, or is an *insured's* principal means of livelihood. Profit and profit motive are irrelevant.

*Business* does not include:

a.  volunteer activities for a not-for-profit or non-profit organization or public agency for which no money is received other than payment of expenses;

b.  incidental and infrequent personal economic activity such as a hobby, garage or yard sale, or traditional farm activities when the farm products are intended only for the personal use of the *insured*;

c.  any occasional or part-time self-employed activity by a person under 19 years of age that involves no employees or subcontracted independent contractors and is a type of activity normally performed by persons under 19 years

of age, including but not limited to, child care, lawn mowing, or paper delivery;

d.  the ownership, maintenance, or use of systems and equipment used to generate electrical power up to but not exceeding 125 percent of the actual electrical power usage by the *residence premises* in the 12-month period prior to the date of the loss; or

e.  ownership of the *residence premises* by the person or organization shown in the *Declarations* as Additional Insured.

5.  *"Declarations"* means the policy *Declarations*, any amended *Declarations*, the most recent renewal *Declarations*, an Evidence of Insurance form, or any endorsement changing any of these.

6.  *"diminution in value"* means any reduction in the value of any covered property prior to or following repair or replacement as compared to the value of that property immediately before the loss.

7.  *"dwelling"* means that part of the *building structure* on the *residence premises* used as the primary private residence.

8.  *"fungus"* means any type or form of *fungus*, including mold, mildew, mycotoxins, spores, scents, or byproducts produced or released by fungi.

9.  *"insured"* means:

a.  *you*;

b.  *your relatives*; and

c.  any other person under the age of 21 in the care of a person described above.

Under Section II, *insured* also means:

d.  the person or organization legally responsible for animals or watercraft to which this policy applies. However, the animal or watercraft must be owned by *you* or a person included in 9.b. or 9.c. above. A person or organization using or having custody of these animals or watercraft in the course of a *business*, or without permission of the owner, is not an *insured*; and

e.  with respect to any vehicle to which this policy applies, any person while engaged in *your* employment or the employment of a person included in 9.b. or 9.c. above.

© Copyright, State Farm Mutual Automobile Insurance Company, 2018

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

10. *"insured location"* means:

   a. the *residence premises*;

   b. the part of any other premises, other structures, and grounds used by *you* as a residence. This includes premises, structures, and grounds *you* acquire while this policy is in effect for *your* use as a residence;

   c. any premises used by *you* in connection with the premises included in 10.a. or 10.b. above;

   d. any part of a premises not owned by an *insured* but where an *insured* is temporarily residing;

   e. land owned by or rented to an *insured* on which a one or two family dwelling is being constructed as a residence for an *insured*;

   f. individual or family cemetery plots or burial vaults owned by an *insured*;

   g. any part of a premises occasionally rented to an *insured* for purposes other than *business*;

   h. vacant land owned by or rented to an *insured*. For the purposes of this definition, vacant land does not include:

      (1) farm land;

      (2) land containing a residence; or

      (3) land containing fences, corrals, boat docks, tool sheds, barns, grain bins, and similar structures, unless they are used solely for the personal use of the *insured*; or

   i. farm land (without buildings), rented or held for rental to others, but not to exceed a total of 500 acres, regardless of the number of locations.

11. *"loss insured"* means a loss as described under **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY.**

12. *"motor vehicle"*, when used in Section II of this policy, means:

   a. a land *motor vehicle* designed for travel on public roads or subject to motor vehicle registration;

   b. a trailer or semi-trailer designed for travel on public roads and subject to motor vehicle registration;

   c. a "recreational or utility vehicle" while off an *insured location*. "Recreational or utility vehicle" means a motorized vehicle designed for recreation or utility purposes, used principally off public roads, and that is owned or leased by an *insured*. This includes, but is not limited to, a motorized all-terrain vehicle, side-by-side vehicle, utility work vehicle, amphibious vehicle, dune buggy, go-cart, golf cart, snowmobile, trailbike, minibike, and personal assistive mobility device. "Leased" does not include temporary rental;

   d. a "locomotive" while off an *insured location*. "Locomotive" means a self-propelled vehicle for pulling or pushing freight or passenger cars on tracks that is large enough to carry a person and is owned or leased by an *insured*. "Leased" does not include temporary rental;

   e. a bulldozer, track loader, backhoe, high-hoe, trencher, grader, crane, self-propelled scraper, excavator, pipe-layer, cherry picker, telehandler, logging vehicle, mining vehicle, or road building vehicle that is owned or leased by an *insured* while off an *insured location*. "Leased" does not include temporary rental; and

   f. any vehicle while being towed or pushed by or carried on a vehicle included in 12.a. through 12.e. above.

The following are not *motor vehicles*:

   a. a boat, camper, home, or utility trailer not being towed or pushed by or carried on a vehicle included in 12.a. through 12.e. above;

   b. a motorized land vehicle in storage on an *insured location* not intended to be operated for an extended period of time and rendered inoperable by placing the vehicle on blocks or removing parts essential for its operation;

   c. a motorized golf cart while used for golfing purposes;

   d. a motorized vehicle or trailer designed to assist persons with disabilities that is not designed for travel on public roads or subject to motor vehicle registration; or

   e. a commercially manufactured two, three, or four wheeled personal conveyance powered only by or assisted by an unmodified motor or engine

© Copyright, State Farm Mutual Automobile Insurance Company, 2018
H4-2114

with a manufacturer's power rating of no more than 1 horsepower and capable of a top speed of no more than 20 miles per hour.

13. *"occurrence"*, when used in Section II of this policy, means an accident, including accidental exposure to conditions, which first results in:

a. *bodily injury*; or

b. *property damage*;

during the policy period. All *bodily injury* and *property damage* resulting from one accident, series of related accidents, or from continuous or repeated exposure to the same general conditions is considered to be one *occurrence*.

14. *"property damage"* means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any *insured* is not *property damage*.

15. *"relative"* means any person related to *you* by:

a. blood;

b. adoption;

c. marriage; or

d. civil union, domestic partnership, or other substantially similar legal relationship that is recognized and valid in the state where, and at the time when, the legal relationship was established;

and who resides primarily with *you*.

16. *"residence employee"* means an employee of an *insured*, or an employee leased to an *insured* by a labor leasing firm under an agreement between an *insured* and the labor leasing firm, who performs duties, including household or domestic services, in connection with the maintenance or use of the *residence premises*. This includes employees who perform similar duties elsewhere for *you*. This does not include employees while performing duties in connection with the *business* of an *insured*.

17. *"residence premises"* means:

a. the one, two, three, or four family dwelling, other structures and grounds; or

b. that part of any other *building structure*;

where *you* reside and which is shown in the *Declarations*.

18. *"State Farm Companies"* means one or more of the following:

a. State Farm Mutual Automobile Insurance Company;

b. State Farm Fire and Casualty Company; and

c. subsidiaries or affiliates of either 18.a. or 18.b. above.

19. *"vacant dwelling"* means:

a. a dwelling:

(1) that has not been occupied as a residence for more than 30 consecutive days immediately before the loss; and

(2) where a predominant amount of personal property has been removed or is absent such that the dwelling is not functional as a habitual place of residence.

A dwelling will be considered occupied only if it is being used as a habitual place of residence with *your* knowledge and approval.

b. A dwelling that is under active construction will not be considered a *vacant dwelling*. A dwelling is under active construction when it is:

(1) being built as a new structure;

(2) being repaired due to damage otherwise covered by this policy; or

(3) undergoing substantial improvements, renovations, remodeling, or modifications;

and the construction results in substantial continuing activities by persons associated with the construction project at the premises during the relevant time periods.

20. *"we"*, *"us"*, and *"our"* mean the Company shown in the *Declarations*.

21. *"you"* and *"your"* mean the person or persons shown as "Named Insured" in the *Declarations*. If a "Named Insured" shown in the *Declarations* is a human being, then *you* and *your* include:

a. a spouse of a "Named Insured";

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018
H4-2114

b. a party to a civil union with a "Named Insured";

c. a domestic partner of a "Named Insured"; or

d. a person in a substantially similar legal relationship with a "Named Insured";

if such relationship is recognized and valid in the state where, and at the time when, the legal relationship was established, so long as the person in the above relationship resides primarily with that "Named Insured".

## DEDUCTIBLE

In case of loss under this policy, *we* will pay, subject to specified policy limits, only that part of the amount of the loss that exceeds the deductible amount shown in the *Declarations*. Deductibles will be applied per occurrence. Deductibles apply to specific losses as described in this policy.

## SECTION I – PROPERTY COVERAGES

### COVERAGE B – PERSONAL PROPERTY

1. **Property Covered.**

   a. *We* cover personal property owned or used by an *insured* while it is anywhere in the world. This includes structures not permanently attached to or otherwise forming a part of the realty. At *your* request, *we* will cover personal property:

      (1) owned by others while the property is on the part of the *residence premises* occupied exclusively by an *insured*;

      (2) owned by a guest or a *residence employee*, while the property is in any other residence occupied by an *insured*; and

      (3) owned by roomers, boarders, tenants, and other residents, any of whom are related to *you*.

   b. *We* cover personal property usually located at an *insured's* residence, other than the *residence premises*, for up to $1,000 or 10% of the Coverage B limit, whichever is greater. This limitation does not apply to personal property:

      (1) in a newly acquired principal residence for the first 30 days after *you* start moving the property there. If the *residence premises* is a newly acquired principal residence, personal property in *your* immediate past principal residence is not subject to this limitation for the first 30 days after the inception of this policy; and

      (2) of a student who is an *insured* while located at a residence away from the *residence premises*.

**Special Limits of Liability.** These limits do not increase the Coverage B limit. The special limit for each of the following categories is the total limit for each loss for all property in that category:

a. $200 on money, coins, and medals, including any of these that are a part of a collection, bank notes, bullion, gold other than goldware, silver other than silverware, and platinum;

b. $1,500 on property used or intended for use in a *business*, including merchandise held as samples or for sale or for delivery after sale, while on the *residence premises*. This coverage is limited to $750 on such property away from the *residence premises*.

   Electronic data processing system equipment or the recording or storage media used with that equipment is not included under this coverage, and is addressed in item c. below;

c. $10,000 on electronic data processing system equipment used or intended for use in a *business*, including but not limited to computers, tablets, mobile personal communication equipment, global positioning systems, mobile personal electronic devices used for the reproduction of sound, and standard media or non-media equipment for use with the above devices;

d. $1,500 on securities, checks, cashiers checks, travelers checks, money orders, gift certificates, gift cards, rechargeable debit cards, phone cards, and other negotiable instruments, accounts, deeds, evidences of debt, letters of credit, notes other than bank notes, manuscripts, passports, and tickets;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018
H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

e. $1,500 on watercraft of all types and outboard motors, including their trailers, furnishings, and equipment;

f. $1,500 on trailers not used with watercraft;

g. $2,500 on stamps, trading cards, and comic books, including any of these that are a part of a collection;

h. $2,500 for loss by theft of firearms;

i. $2,500 for loss by theft of silverware and goldware;

j. $5,000 on any one article and $10,000 in the aggregate for loss by theft of any rug, carpet (except wall-to-wall carpet), tapestry, wall-hanging, or other similar article;

k. $1,000 on commercially manufactured two, three, or four wheeled personal conveyances powered only by or assisted by an unmodified motor or engine with a manufacturer's power rating of no more than 1 horsepower and capable of a top speed of no more than 20 miles per hour. This does not include such conveyances that are:

(1) designed for assisting persons with disabilities;

(2) not designed for travel on public roads; and

(3) not subject to motor vehicle registration; and

l. $1,000 for loss by theft of jewelry, watches, fur garments and garments trimmed with fur, and precious and semi-precious stones.

2. **Property Not Covered. We** do not cover:

a. articles separately described and specifically insured in this or any other insurance;

b. animals, birds, or fish;

c. any engine-propelled or motor-propelled vehicle or machine, including parts, designed for movement on land, except as provided in **Special Limits of Liability**, item k. However, **we** do cover those vehicles or machines:

(1) that are:

(a) not designed for travel on public roads; and

(b) not subject to motor vehicle registration;

(2) and that are:

(a) used primarily to service the **insured location**; or

(b) designed for assisting persons with disabilities;

d. any electronic equipment, devices, or accessories designed for the recording, reproduction, or storage of audio, video, photos, or other data that is permanently installed in or permanently fastened to an engine-propelled or motor-propelled vehicle or hard-wired directly to the vehicle's electrical system. **We** also do not cover removable products that may be used with the equipment or devices described above, including but not limited to tapes, discs, videos, or memory cards while in an engine-propelled or motor-propelled vehicle;

e. aircraft and parts. This does not apply to unmanned aircraft systems used as model aircraft and operated solely for recreational or hobby purposes;

f. property of roomers, boarders, tenants, and other residents not related to **you**;

g. property regularly rented or held for rental to others by an **insured**. This does not apply to property of an **insured**:

(1) in a sleeping room when the **dwelling** is rented in part, for use as a permanent residence, by either one or two full-time roomers or boarders; or

(2) on the **residence premises** if it is rented, either completely or in part, for exclusive use as a residence, for no more than 30 nights in the 12-month period prior to the date of the loss;

h. property rented or held for rental to others away from the **residence premises**;

i. any radio devices or transmitters, global positioning systems, radar or laser detectors, antennas, and all other similar equipment that is

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018
H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

permanently installed in or permanently fastened to an engine-propelled or motor-propelled vehicle or that is hard-wired directly to the vehicle's electrical system;

j.   books or records of accounts receivable, abstracts or other journals, architectural or technical drawings, card index systems, or other records. This does not apply to any recording or storage media for electronic data processing. *We* will cover the cost of blank books, cards, or other blank material plus the cost of labor *you* incur for transcribing or copying such records;

k.   recording or storage media for electronic data processing that cannot be replaced with property of like kind and quality on the current retail market;

l.   purchased or created audio, video, photos, or other data that cannot be replaced with like kind and quality on the current retail market and that is transferred or downloaded onto mobile communication equipment, global positioning systems, or electronic devices designed for the recording, reproduction, or storage of audio, video, photos, or other data;

m.   contraband, or any property used in the course of illegal consumption, possession, import, export, or trade;

n.   outdoor hardscape property used for aesthetic purposes except as provided in **SECTION I – ADDITIONAL COVERAGES, Trees, Shrubs, and Landscaping**; or

o.   electronic currency, digital currency, virtual currency, crypto-currency, and other similar mediums of exchange.

## COVERAGE C – LOSS OF USE

The most *we* will pay for the sum of all losses combined under **Additional Living Expense, Fair Rental Value**, and **Prohibited Use** is the limit of liability shown in the *Declarations* for **Coverage C – Loss of Use**.

1.   **Additional Living Expense.** When a *loss insured* causes the *residence premises* to become uninhabitable, *we* will pay the reasonable and necessary increase in cost incurred by an *insured* to maintain their normal standard of living for up to 24 months.

*Our* payment is limited to incurred costs for the shortest of:

a.   The time required to repair or replace the premises;

b.   The time required for *your* household to settle elsewhere; or

c.   24 months.

This period of time is not limited by the expiration of this policy.

*We* will not pay more than the limit of liability shown in the *Declarations* for **Coverage C – Loss of Use**. Any normal expenses that are reduced or discontinued due to a *loss insured* will be subtracted from any amount owed.

2.   **Fair Rental Value.** When a *loss insured* causes that part of the *residence premises* rented to others or held for rental by *you* to become uninhabitable, *we* will pay its fair rental value. Payment will be for the shortest time required to repair or replace the part of the premises rented or held for rental, but not to exceed 12 months. This period of time is not limited by the expiration of this policy. Fair rental value will not include any expense that does not continue while that part of the *residence premises* rented or held for rental is uninhabitable.

3.   **Prohibited Use.** *We* will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks, beginning when a civil authority issues an order of evacuation or prohibits *your* use of the *residence premises*, provided that:

a.   direct physical damage occurs to any property, other than covered property located on the *residence premises*, arising from a cause of loss that would be a *loss insured* under this policy if the damage had occurred to property on the *residence premises*;

b.   the *residence premises* is within one mile of property damaged by a cause of loss identified in 3.a. above; and

c.   the action of the civil authority is taken in response to:

(1)   dangerous physical conditions resulting from the continuation of the cause of loss identified in 3.a. above;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

(2) dangerous physical conditions resulting from the damage caused by the cause of loss identified in 3.a. above; or

(3) the need to gain free access to property damaged by the cause of loss identified in 3.a. above.

**We** will not pay for loss or expense due to cancellation of a lease or agreement.

## SECTION I – ADDITIONAL COVERAGES

The following Additional Coverages are subject to all the terms, provisions, exclusions, and conditions of this policy.

1. **Debris Removal. We** will pay the reasonable expenses **you** incur in the removal of debris of covered property damaged by a **loss insured.** This expense is included in the limit applying to the damaged property.

   When the amount payable for the property damage plus the debris removal exceeds the limit for damaged property, an additional 5% of that limit is available for debris removal expense. This additional amount of insurance does not apply to **SECTION I – ADDITIONAL COVERAGES, Trees, Shrubs, and Landscaping.**

2. **Temporary Repairs.** If damage is caused by a **loss insured, we** will pay the reasonable and necessary cost **you** incur for temporary repairs to covered property to protect the property from further immediate damage or loss. This coverage does not increase the limit applying to the property being repaired.

3. **Trees, Shrubs, and Landscaping. We** will pay for accidental direct physical loss to outdoor:

   a. trees, shrubs, live or artificial plants, and lawns;

   b. artificial grass; and

   c. hardscape property used for aesthetic purposes not permanently affixed to realty;

   on the **residence premises,** caused by the following perils: **Fire or lightning, Explosion, Riot or civil commotion, Aircraft, Vehicles** (not owned or operated by a resident of the **residence premises**), **Vandalism or malicious mischief,** or **Theft.**

   The limit for this coverage, including the removal of debris, will not exceed 10% of the amount shown in the **Declarations** for **COVERAGE B – PERSONAL**

**PROPERTY. We** will not pay more than $750 for any one outdoor tree, shrub, plant, or hardscape item, including debris removal expense. This coverage may increase the limit otherwise applicable. **We** will not pay for any loss to property grown for **business** purposes.

4. **Building Additions and Alterations. We** will pay, under Coverage B, for a **loss insured** to building additions, alterations, fixtures, improvements, or installations made or acquired at **your** expense. The following conditions apply:

   a. This coverage applies only to that part of the **residence premises** used exclusively by **you;** and

   b. The limit for this coverage will not exceed 15% of the limit of liability shown in the **Declarations** for **COVERAGE B – PERSONAL PROPERTY.** This coverage does not increase the Coverage B limit.

5. **Property Removed. We** will pay for any accidental direct physical loss to covered property while being removed from a premises endangered by a **loss insured.** This coverage also applies to the property for up to 30 days while removed. **We** will also pay for reasonable expenses incurred by **you** for the removal and return of the covered property. This coverage does not increase the limit applying to the property being removed.

6. **Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money.**

   a. **We** will pay up to $1,000 for:

      (1) the legal obligation of an **insured** to pay because of the theft or unauthorized use of credit cards and bank fund transfer cards issued to or registered in an **insured's** name. If an **insured** has not complied with all terms and conditions under which the cards are issued, **we** will not pay for use by an **insured** or anyone else;

      (2) loss to an **insured** caused by forgery or alteration of any check or negotiable instrument; and

      (3) loss to an **insured** through acceptance in good faith of counterfeit United States or Canadian paper currency.

      No deductible applies to this coverage.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018
H4-2114

*We* will not pay more than the limit stated above for forgery or alteration committed by any one person. This limit applies when the forgery or alteration involves one or more instruments in the same loss.

b. *We* will not pay for loss arising out of *business* pursuits or dishonesty of an *insured*.

c. Defense:

(1) *We* may make any investigation and settle any claim or suit that *we* decide is appropriate. *Our* obligation to defend claims or suits ends when the amount *we* pay for the loss equals *our* limit of liability.

(2) If claim is made or a suit is brought against an *insured* for liability under the Credit Card or Bank Fund Transfer Card coverage, *we* will provide a defense. This defense is at *our* expense of counsel of *our* choice.

(3) *We* have the option to defend at *our* expense an *insured* or an *insured's* bank against any suit for the enforcement of payment under the Forgery coverage.

7. **Power Interruption.** *We* will pay for accidental direct physical loss caused directly or indirectly by a change of temperature that results from power interruption that takes place on the *residence premises*. The power interruption must be caused by a *loss insured* occurring on the *residence premises*. The power lines off the *residence premises* must remain energized. This coverage does not increase the limit applying to the damaged property.

8. **Refrigerated Products.** Coverage B is extended to cover the contents of deep freeze or refrigerated units on the *residence premises* for loss due to power failure or mechanical failure. If mechanical failure or power failure is known to *you*, all reasonable means must be used to protect the property insured from further damage or this coverage is void. Power failure or mechanical failure does not include:

a. removal of a plug from an electrical outlet; or

b. turning off an electrical switch unless caused by a *loss insured*.

This coverage does not increase the limit applying to the damaged property.

9. **Arson Reward.** *We* will pay $1,000 for information that leads to an arson conviction in connection with a fire loss to property covered by this policy. This coverage may increase the limit otherwise applicable. However, the $1,000 limit will not be increased regardless of the number of persons providing information.

10. **Volcanic Action.** *We* will pay for accidental direct physical loss to a covered *building structure* or covered property contained in a *building structure* resulting from the eruption of a volcano when the loss is directly and immediately caused by:

a. airborne volcanic shock waves;

b. ash, dust, or particulate matter; or

c. lava flow.

*We* will also pay for the removal of that ash, dust, or particulate matter that has caused accidental direct physical loss to a covered *building structure* or covered property contained in a *building structure*.

All volcanic eruptions that occur within any 168-hour period will be considered one volcanic eruption.

This coverage does not increase the limit applying to the damaged property.

11. **Collapse.** *We* will pay for accidental direct physical loss to covered property involving the abrupt, entire collapse of a *building structure* or any part of a *building structure*.

a. Collapse means the abrupt and entire falling down, caving in, or falling into pieces of a *building structure* or any part of a *building structure*. Collapse does not include any of the following:

(1) settling, cracking, crumbling, deterioration, shrinking, bulging, expansion, sagging, bowing, leaning, or bending;

(2) substantial structural impairment;

(3) imminent or threatened collapse;

(4) a *building structure* or any part of a *building structure* that is in danger of falling down or caving in; or

9

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

(5) a part of a *building structure* that is standing even if:

    (a) it has separated from another part of the *building structure*; or

    (b) it shows evidence of settling, cracking, crumbling, deterioration, shrinking, bulging, expansion, sagging, bowing, leaning, or bending.

b. The collapse must be directly and immediately caused by one or more of the following:

(1) perils described in **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY**. These perils apply to *building structures* covered under Coverage B for loss insured by this Additional Coverage;

(2) decay or deterioration of, or damage from animals, birds, or insects to:

    (a) a connector; or

    (b) a structural member of a *building structure*;

The decay, deterioration, or damage must be hidden from view and unknown to all *insureds* prior to the collapse;

(3) weight of contents, equipment, animals, or people;

(4) weight of ice, snow, sleet, or rain that collects on a roof, porch, or deck; or

(5) use of defective material or methods in the construction (includes remodeling or renovation) of the *building structure*, if the collapse occurs during the course of the construction of the *building structure*.

Loss to awnings, fences, patios, pavement, swimming pools, underground pipes, flues, drains, cesspools, septic tanks, foundations (including slabs, basement walls, and crawl space walls), retaining walls, bulkheads, piers, wharfs, docks, trellises, or antennas and their supporting structures is not included under items (2), (3), and (4) immediately above unless the loss is the direct and immediate result of the collapse of a *building structure* or any part of a *building structure*.

This coverage does not increase the limit applying to the damaged property.

12. **Locks and Remote Devices. We** will pay up to $1,000 for each loss for the reasonable expenses *you* incur to rekey, replace, recode, program, or reprogram locks on exterior doors to the *dwelling* or other structures located on the *residence premises* when the keys or remote devices used with those doors are part of a covered theft loss. This coverage includes remote devices designed solely for locking, unlocking, opening, or closing doors, including garage doors and gates.

No deductible applies to this coverage.

13. **Fuel Oil Release. We** will pay up to $10,000 for each loss for accidental direct physical loss to covered property caused by the abrupt and accidental escape of liquid fuel oil from a fixed household tank, apparatus, or pipes that are part of a heating unit for the *dwelling.* This includes damage to covered property resulting from an accidental spill or overflow of fuel oil in the course of filling a fixed household tank.

This coverage includes surface clean up only. **We** will not pay for:

a. the cost to repair or replace the fuel oil tank, apparatus, and pipes; or

b. the cost of testing, monitoring, removing, treating, or detoxifying of soil, air, or water.

This coverage does not increase the limit applying to the damaged property.

## INFLATION COVERAGE

The limit of liability shown in the *Declarations* for Coverage B will be increased at the same rate as the increase in the Inflation Coverage Index shown in the *Declarations*.

To find the limit on a given date:

1. divide the Index on that date by the Index as of the effective date of this Inflation Coverage provision; then

2. multiply the resulting factor by the limit of liability for Coverage B.

The limit of liability will not be reduced to less than the amounts shown in the *Declarations*.

If during the term of this policy the Coverage B limit of liability is changed at *your* request, the effective date of this Inflation Coverage provision is changed to coincide with the effective date of such change.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

## SECTION I – LOSSES INSURED

**COVERAGE B – PERSONAL PROPERTY**

*We* will pay for accidental direct physical loss to the property described in Coverage B caused by the following perils, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. However, loss does not include and *we* will not pay for, any *diminution in value*.

1. **Fire or lightning.**

2. **Windstorm or hail.** This peril does not include loss to property contained in a structure caused by rain, snow, sleet, sand, or dust. This limitation does not apply when the direct force of wind or hail damages the structure causing an opening in a roof or wall and the rain, snow, sleet, sand, or dust enters through this opening.

   This peril includes loss to watercraft of all types and their trailers, furnishings, equipment, and outboard motors, only while inside a *building structure*.

3. **Explosion.**

4. **Riot or civil commotion.**

5. **Aircraft**, including self-propelled missiles and spacecraft.

6. **Vehicles**, meaning accidental direct physical loss to covered property caused by the weight, force, power, or movement of a vehicle.

   a. This includes:

      (1) the impact of a vehicle;

      (2) an object propelled from the tire or body of a vehicle;

      (3) the upset or collision of a vehicle with a stationary object or other vehicle, including damage to personal property carried on the exterior of the vehicle; or

      (4) a vehicle door or trunk lid being closed on personal property.

   b. This peril does not include loss:

      (1) to personal property that falls off a vehicle and strikes the ground, any other surface, or any object;

      (2) caused by shifting of the load being carried in or on a vehicle; or

      (3) to the vehicle itself unless the vehicle is property covered under **COVERAGE B – PERSONAL PROPERTY** and the loss is caused by the weight, force, power, or movement of another vehicle.

7. **Smoke,** meaning abrupt and accidental damage from smoke.

   This peril does not include loss caused by smoke from agricultural smudging or industrial operations.

8. **Vandalism or malicious mischief,** meaning only willful and malicious damage to or destruction of property.

9. **Theft,** including attempted theft and loss of property from a known location when it is probable that the property has been stolen.

   This peril does not include:

   a. loss of a precious or semi-precious stone from its setting;

   b. loss caused by theft:

      (1) committed by an *insured* or by any other person regularly residing on the *insured location*. Property of a student who is an *insured* is covered while located at a residence away from the *residence premises*, if the theft is committed by a person who is not an *insured*;

      (2) in or to a dwelling under construction or of materials and supplies for use in the construction until the dwelling is completed and occupied; or

      (3) from the part of a *residence premises* rented to others:

         (a) caused by a tenant, members of the tenant's household, or the tenant's employees unless the *residence premises* is rented, either completely or in part, for exclusive use as a residence, for no more than 30 nights in

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018
H4-2114

the 12-month period prior to the date of the loss;

(b) of money, bank notes, bullion, gold, goldware, silver, silverware, pewterware, platinum, coins, and medals;

(c) of securities, checks, cashiers checks, travelers checks, money orders, gift certificates, gift cards, rechargeable debit cards, phone cards, and other negotiable instruments, accounts, deeds, evidences of debt, letters of credit, notes other than bank notes, manuscripts, passports, tickets, and stamps; or

(d) of jewelry, watches, fur garments and garments trimmed with fur, and precious and semi-precious stones; or

c. loss caused by theft that occurs away from the *residence premises* of:

(1) property while at any other residence owned, rented to, or occupied by an *insured*, except while an *insured* is temporarily residing there. Property of a student who is an *insured* is covered while at a residence away from the *residence premises*;

(2) watercraft of all types, including their furnishings, equipment, and outboard motors; or

(3) trailers and campers designed to be pulled by or carried on a vehicle.

If the *residence premises* is a newly acquired principal residence, property in the immediate past principal residence will not be considered property away from the *residence premises* for the first 30 days after the inception of this policy.

10. **Falling objects.** This peril does not include loss to property contained in a structure unless the roof or an exterior wall of the structure is first damaged by a falling object. Damage to the falling object itself is not included.

11. **Weight of ice, snow, or sleet** that causes damage to property contained in a structure.

12. **Abrupt and accidental discharge or overflow** of water, steam, or sewage from within a plumbing, heating, air conditioning, or automatic fire protective sprinkler system, or from within a household appliance.

This peril does not include loss:

a. to the system or appliance from which the water, steam, or sewage escaped;

b. caused by or resulting from:

(1) freezing;

(2) water or sewage from outside the *residence premises* plumbing system that enters through sewers or drains, or water that enters into and overflows from within a sump pump, sump pump well, or any other system designed to remove subsurface water that is drained from the foundation area; or

(3) the pressure from or presence of tree, shrub, or plant roots; or

c. that occurs or develops over a period of time and is caused by or resulting from:

(1) condensation or the presence of humidity, moisture, or vapor; or

(2) seepage or leakage of water, steam, or sewage that is:

(a) continuous;

(b) repeating;

(c) gradual;

(d) intermittent;

(e) slow; or

(f) trickling.

13. **Abrupt and accidental tearing asunder, cracking, burning, or bulging** of a steam or hot water heating system, an air conditioning system, an automatic fire protective sprinkler system, or an appliance for heating water.

This peril does not include loss:

a. caused by or resulting from freezing; or

12

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

b. that occurs or develops over a period of time and is caused by or resulting from:

    (1) condensation or the presence of humidity, moisture, or vapor; or

    (2) seepage or leakage of water or steam that is:

        (a) continuous;

        (b) repeating;

        (c) gradual;

        (d) intermittent;

        (e) slow; or

        (f) trickling.

14. **Freezing** of a plumbing, heating, air conditioning, or automatic fire protective sprinkler system, or of a household appliance.

This peril does not include:

a. loss to a portable hot tub or portable spa unless **you** have used reasonable care to prevent freezing; or

b. loss on the **residence premises** unless **you** have used reasonable care to:

    (1) maintain heat in the **building structure** at 55 degrees Fahrenheit or higher; or

    (2) shut off the water supply and drain the system and appliances of water.

However, if the **building structure** is protected by an automatic fire protective sprinkler system, **you** must use reasonable care to continue the water supply and maintain heat in the **building structure** at 55 degrees Fahrenheit or higher for coverage to apply.

15. **Abrupt and accidental damage** to electrical appliances, devices, fixtures, and wiring from an increase or decrease of artificially generated electrical current. **We** will pay up to $3,000 under this peril for each damaged item described above.

16. **Breakage of glass**, meaning damage to personal property caused by breakage of glass that is a part of a structure on the **residence premises**. **We** will not pay for loss or damage to the glass.

17. **Wild bears or deer,** meaning damage caused by wild bears or deer to property located in a **building structure**.

18. **Breakage of glass or safety glazing material** that is part of a building, storm door, or storm window and is covered under **SECTION I – ADDITIONAL COVERAGES, Building Additions and Alterations**.

This peril does not include loss on the **residence premises** if the **dwelling** is a **vacant dwelling**.

## SECTION I – LOSSES NOT INSURED

1. **We** will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. **We** will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the **residence premises**, arises from any natural or external forces, or occurs as a result of any combination of these:

a. **Ordinance or Law,** meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a **building structure** or other structure.

b. **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth. Earth movement includes but is not limited to:

    (1) earthquake;

    (2) landslide, mudslide, or mudflow;

    (3) sinkhole or subsidence;

    (4) movement resulting from:

        (a) improper compaction;

        (b) site selection;

        (c) natural resource extraction activities; or

        (d) excavation;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

(5) erosion;

(6) pressure by surface or subsurface earth or fill; or

(7) any volcanic activity, except as specifically provided in **SECTION I – ADDITIONAL COVERAGES, Volcanic Action.**

However, **we** will pay for any accidental direct physical loss by fire resulting from earth movement, provided the resulting fire loss is itself a **loss insured.**

c. **Water,** meaning:

(1) flood;

(2) surface water. This does not include water solely caused by the release of water from a swimming pool, spigot, sprinkler system, hose, or hydrant;

(3) waves (including tidal wave, tsunami, and seiche);

(4) tides or tidal water;

(5) overflow of any body of water (including any release, escape, or rising of any body of water, or any water held, contained, controlled, or diverted by a dam, levee, dike, or any type of water containment, diversion, or flood control device);

(6) spray or surge from any of the items c.(1) through c.(5) described above, all whether driven by wind or not;

(7) water or sewage from outside the **residence premises** plumbing system that enters through sewers or drains, or water or sewage that enters into and overflows from within a sump pump, sump pump well, or any other system designed to remove subsurface water that is drained from the foundation area;

(8) water or sewage below the surface of the ground, including water or sewage that exerts pressure on, or seeps or leaks through a **building structure,** sidewalk, driveway, swimming pool, or other structure; or

(9) material carried or otherwise moved by any of the water or sewage, as described in items c.(1) through c.(8) above.

However, **we** will pay for any accidental direct physical loss by fire, explosion, or theft resulting from water, provided the resulting loss is itself a **loss insured.**

d. **Neglect,** meaning neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

e. **War,** including any undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon will be considered a warlike act even if accidental.

f. **Nuclear Hazard,** meaning any nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these. Loss caused by the nuclear hazard will not be considered loss caused by fire, explosion, or smoke.

However, **we** will pay for any accidental direct physical loss by fire resulting from the nuclear hazard, provided the resulting fire loss is itself a **loss insured.**

g. **Fungus,** including:

(1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the **residence premises** or location of the rebuilding, repair, or replacement, by **fungus;**

(2) any remediation of **fungus,** including the cost to:

(a) remove the **fungus** from covered property or to repair, restore, or replace that property; or

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

(b) tear out and replace any part of the **building structure** or other property as needed to gain access to the **fungus**; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of **fungus**, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

h. **Intentional Losses.** If any **insured** intentionally causes or procures a loss to property covered under this policy, **we** will not pay any **insured** for this loss. This applies regardless of whether the **insured** is charged with or convicted of a crime.

This does not apply to an **insured** who did not participate in, cooperate in, or contribute to causing or procuring the loss.

2. **We** will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, **we** will not pay for any loss described in paragraph 1. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a. conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

b. defect, weakness, inadequacy, fault, or unsoundness in:

(1) planning, zoning, development, surveying, or siting;

(2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(4) maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**; or

c. weather conditions.

However, **we** will pay for any resulting loss from items 2.a., 2.b., and 2.c. unless the resulting loss is itself a Loss Not Insured as described in this Section.

# SECTION I – LOSS SETTLEMENT

Only the **Loss Settlement Provision** shown in the **Declarations** applies. **We** will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and **we** will not pay, any amount for **diminution in value**.

## COVERAGE B – PERSONAL PROPERTY

1. **B1 – Limited Replacement Cost Loss Settlement.**

a. **We** will pay the cost to repair or replace property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY**, except for property listed in item b. below, subject to the following:

(1) until repair or replacement is completed, **we** will pay only the **actual cash value** of the damaged property;

(2) after repair or replacement is completed, **we** will pay the difference between the **actual cash value** and the cost **you** have actually and necessarily spent to repair or replace the property; and

(3) if property is not repaired or replaced within two years after the date of loss, **we** will pay only the **actual cash value**.

b. **We** will pay market value at the time of loss for:

(1) antiques, fine arts, paintings, statuary, and similar articles which by their inherent nature cannot be replaced with new articles;

(2) articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs, and collectors items; and

(3) property not useful for its intended purpose.

© Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

However, *we* will not pay an amount exceeding the smallest of the following for items a. and b. above:

    (1)  *our* cost to replace at the time of loss;

    (2)  the full cost of repair;

    (3)  any special limit of liability described in this policy; or

    (4)  any applicable Coverage B limit of liability.

2.  **B2 – Depreciated Loss Settlement.**

    a.  *We* will pay the ***actual cash value*** for property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY**, except for property listed in item b. below.

    b.  *We* will pay market value at the time of loss for:

      (1)  antiques, fine arts, paintings, statuary, and similar articles which by their inherent nature cannot be replaced with new articles;

      (2)  articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs, and collectors items; and

      (3)  property not useful for its intended purpose.

However, *we* will not pay an amount exceeding the smallest of the following for items a. and b. above:

    (1)  *our* cost to replace at the time of loss;

    (2)  the full cost of repair;

    (3)  any special limit of liability described in this policy; or

    (4)  any applicable Coverage B limit of liability.

## SECTION I – CONDITIONS

1.  **Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, *we* will not be liable:

    a.  to the *insured* for an amount greater than the *insured's* interest; or

    b.  for more than the applicable limit of liability.

2.  **Your Duties After Loss.** After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:

    a.  give immediate notice to *us* or *our* agent and also notify:

      (1)  the police if the loss is caused by theft, vandalism, or any other criminal act; and

      (2)  the credit card company or bank if the loss involves a credit card or bank fund transfer card;

    b.  protect the property from further damage or loss and also:

      (1)  make reasonable and necessary temporary repairs required to protect the property; and

      (2)  keep an accurate record of repair expenses;

    c.  prepare an inventory of damaged or stolen personal property:

      (1)  showing in detail the quantity, description, age, replacement cost, and amount of loss; and

      (2)  attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

    d.  as often as *we* reasonably require:

      (1)  exhibit the damaged property;

      (2)  provide *us* with any requested records and documents and allow *us* to make copies;

      (3)  while not in the presence of any other *insured*:

        (a)  give statements; and

        (b)  submit to examinations under oath; and

      (4)  produce employees, members of the *insured's* household, or others for examination under oath to the extent it is within the *insured's* power to do so; and

    e.  submit to *us*, within 60 days after the loss, *your* signed, sworn proof of loss that sets forth, to the best of *your* knowledge and belief:

      (1)  the time and cause of loss;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

(2) interest of the *insured* and all others in the property involved and all encumbrances on the property;

(3) other insurance that may cover the loss;

(4) changes in title or occupancy of the property during the term of this policy;

(5) specifications of any damaged structure and detailed estimates for repair of the damage;

(6) an inventory of damaged or stolen personal property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8) evidence or affidavit supporting a claim under **SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money** coverage, stating the amount and cause of loss.

3. **Loss to a Pair or Set.** In case of loss to a pair or set, *we* may choose to:

a. repair or replace any part to restore the pair or set to its value before the loss; or

b. pay the difference between the depreciated value of the property before the loss and the depreciated value of the property after the loss.

4. **Appraisal.** If *you* and *we* fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only *you* or *we* may demand appraisal. A demand for appraisal must be in writing. *You* must comply with **SECTION I – CONDITIONS, Your Duties After Loss** before making a demand for appraisal. At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.

a. Each party will select a competent, disinterested appraiser and notify the other party of the appraiser's identity within 20 days of receipt of the written demand for appraisal.

b. The appraisers will then attempt to set the amount of the loss of each item in dispute as specified by each party, and jointly submit to each party a written report of agreement signed by them. In all instances the written report of agreement will be itemized and state separately the *actual cash value*, replacement cost, and if applicable, the market value of each item in dispute.

The written report of agreement will set the amount of the loss of each item in dispute and will be binding upon *you* and *us*.

c. If the two appraisers fail to agree upon the amount of the loss within 30 days, unless the period of time is extended by mutual agreement, they will select a competent, disinterested umpire and will submit their differences to the umpire. If the appraisers are unable to agree upon an umpire within 15 days:

(1) *you* or *we* may make a written application for a judge of a court of record in the same state and county (or city if the city is not within a county) where the *residence premises* is located to select an umpire;

(2) the party requesting the selection described in item c.(1) must provide the other party:

(a) written notice of the intent to file, identifying the specific location and identity of the court at least 10 days prior to submission of the written application; and

(b) a copy of the written application; and

(3) a written report of agreement, as required in item b., signed by any two (appraisers or appraiser and umpire) will set the amount of the loss of each item in dispute and will be binding upon *you* and *us*. In all instances the written report of agreement will be itemized and state separately the *actual cash value*, replacement cost, and if applicable, the market value of each item in dispute.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018
H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

d. To qualify as an appraiser or umpire for a loss to building property, a person must be one of the following and be licensed or certified as required by the applicable jurisdiction:

(1) an engineer or architect with experience and training in building construction, repair, estimating, or investigation of the type of property damage in dispute;

(2) an adjuster or public adjuster with experience and training in estimating the type of property damage in dispute; or

(3) a contractor with experience and training in the construction, repair, and estimating of the type of property damage in dispute.

e. A person may not serve as an appraiser or umpire if that person, any employee of that person, that person's employer, or any employee of their employer:

(1) has performed services for either party with respect to the claim at issue in the appraisal; or

(2) has a financial interest in the outcome of the claim at issue in the appraisal.

f. Each party will be responsible for the compensation of their selected appraiser. Reasonable expenses of the appraisal and the reasonable compensation of the umpire will be paid equally by *you* and *us*.

g. *You* and *we* do not waive any rights by demanding or submitting to an appraisal, and retain all contractual rights to determine if coverage applies to each item in dispute.

h. Appraisal is only available to determine the amount of the loss of each item in dispute. The appraisers and the umpire have no authority to decide:

(1) any other questions of fact;

(2) questions of law;

(3) questions of coverage;

(4) other contractual issues; or

(5) to conduct appraisal on a class-wide basis.

i. Appraisal is a non-judicial proceeding and does not provide for or require arbitration. Neither party will be awarded attorney fees. The appraisal award may not be entered as a judgment in a court.

j. A party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss.

5. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, *we* will pay only *our* share of the loss. *Our* share is the proportion of the loss that the applicable limit under this policy bears to the total amount of insurance covering the loss.

6. **Suit Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within two years after the date of loss or damage.

7. **Our Option.** *We* may repair or replace any part of the property damaged or stolen with similar property. Any property *we* pay for or replace becomes *our* property.

8. **Loss Payment.** *We* will adjust all losses with *you*. *We* will pay *you* unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after *we* receive *your* proof of loss and:

a. reach agreement with *you*;

b. there is an entry of a final judgment; or

c. there is a filing of an appraisal award with *us*.

9. **Abandonment of Property.** *We* need not accept any property abandoned by an *insured*.

10. **Glass Replacement.** Loss for damage to glass caused by a *loss insured* will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

11. **No Benefit to Bailee.** *We* will not recognize an assignment or grant coverage for the benefit of a person or organization holding, storing, or transporting property for a fee. This applies regardless of any other provision of this policy.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018
H4-2114

12. **Recovered Property.** If either *you* or *we* recover any property after loss settlement, that party must give the other prompt notice. At *your* option, *you* may keep the property or *we* will return it to *you*. Otherwise, it will become *our* property. If *you* choose to keep the property, the loss payment will be adjusted based on the amount *you* received for the recovered property.

13. **Assignment of Claim.** Assignment to another party of any of *your* rights or duties under this policy regarding any claim, or any part of any claim, will be void and *we* will not recognize any such assignment, unless *we* give *our* written consent.

## SECTION II – LIABILITY COVERAGES

### COVERAGE L – PERSONAL LIABILITY

If a claim is made or a suit is brought against an *insured* for damages because of *bodily injury* or *property damage* to which this coverage applies, caused by an *occurrence*, *we* will:

1. pay up to *our* limit of liability for the damages for which the *insured* is legally liable. *We* will not pay for criminal restitution; and

2. provide a defense at *our* expense by counsel of *our* choice. *We* may make any investigation and settle any claim or suit that *we* decide is appropriate. *Our* obligation to defend any suit ends when the amount *we* pay for damages, to effect settlement or satisfy a judgment resulting from the *occurrence*, equals *our* limit of liability. *We* will not provide a defense to any *insured* for criminal prosecution or proceedings.

### COVERAGE M – MEDICAL PAYMENTS TO OTHERS

*We* will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing *bodily injury*. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, rehabilitation, pharmaceuticals, orthopedic devices, prosthetic devices, and funeral services. This coverage applies only:

1. to a person on the *insured location* with the permission of an *insured*;

2. to a person off the *insured location*, if the *bodily injury*:

   a. arises out of a condition on the *insured location* or the ways immediately adjoining;

   b. is caused by the activities of an *insured*;

   c. is caused by a *residence employee* in the course of the *residence employee's* employment by an *insured*; or

   d. is caused by an animal owned by or in the care of an *insured*; or

3. to a *residence employee* if the *occurrence* causing *bodily injury* occurs off the *insured location* and arises out of or in the course of the *residence employee's* employment by an *insured*.

### SECTION II – ADDITIONAL COVERAGES

The following Additional Coverages are subject to all the terms, provisions, exclusions, and conditions of this policy.

*We* will pay for the following in addition to the limits of liability:

1. **Claim Expenses.** *We* will pay:

   a. expenses *we* incur and costs taxed against an *insured* in suits *we* defend. Taxed costs do not include attorney fees;

   b. premiums on bonds required in suits *we* defend, but not for bond amounts greater than the Coverage L limit. *We* are not obligated to apply for or furnish any bond;

   c. reasonable expenses an *insured* incurs at *our* request. This includes actual loss of earnings (but not loss of other income) up to $250 per day for aiding *us* in the investigation or defense of claims or suits;

   d. interest the *insured* is legally liable to pay on damages payable under Coverage L above before a judgment, but only the interest on the lesser of:

      (1) that part of the damages *we* pay; or

      (2) the Coverage L limit; and

   e. interest on the entire judgment that accrues after entry of the judgment and before *we* pay or tender, or deposit in court that part of the judgment

© Copyright, State Farm Mutual Automobile Insurance Company, 2018
H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

that does not exceed the limit of liability that applies.

2. **First Aid Expenses.** *We* will pay expenses for first aid to others incurred by an *insured* for *bodily injury* covered under this policy. *We* will not pay for first aid to *you* or any other *insured*.

3. **Damage to Property of Others.**

   a. *We* will pay for *property damage* to property of others caused by the activities of an *insured*.

   b. *We* will not pay more than the smallest of the following amounts:

      (1) replacement cost at the time of loss;

      (2) full cost of repair; or

      (3) the limit of liability shown in the *Declarations* for Damage to Property of Others for any one *occurrence*.

   c. *We* will not pay for *property damage*:

      (1) for a loss that is recoverable under Section I of this policy. *We* also will not pay for any applicable deductible regardless of whether the amount of the loss exceeds the deductible;

(2) caused intentionally by an *insured* 13 years of age or older;

(3) to property, other than a rented golf cart, owned by, or rented to an *insured*, a tenant of an *insured*, or a resident in *your* household;

(4) arising out of:

   (a) *business* pursuits;

   (b) any act or omission in connection with a premises an *insured* owns, rents, or controls, other than the *insured location*;

   (c) a condition on the *insured location* or the ways immediately adjoining; or

   (d) the ownership, maintenance, or use of a *motor vehicle*, aircraft, or watercraft, including airboat, air cushion, personal watercraft, sail board, or similar type watercraft; or

(5) if a payment is made under **COVERAGE L – PERSONAL LIABILITY** for the same *property damage*.

## SECTION II – EXCLUSIONS

1. Coverage L and Coverage M do not apply to:

   a. *bodily injury* or *property damage* that:

      (1) was a result of a:

         (a) willful and malicious; or

         (b) criminal;

         act or omission of the *insured*;

      (2) was intended by the *insured*; or

      (3) would have been expected by the *insured* based on a reasonable person standard.

      However, exclusions a.(2) and a.(3) above do not apply to *bodily injury* or *property damage* resulting from the use of reasonable force to protect persons or property.

      Exclusions a.(1), a.(2), and a.(3) above apply to all *bodily injury* or *property damage* even if the:

(1) *bodily injury* or *property damage* was sustained by a different person, entity, or property than was expected or intended;

(2) *bodily injury* or *property damage* was of a different kind, quality, or degree than was expected or intended;

(3) *insured* lacked the mental capacity to control his or her conduct;

(4) *insured* was not charged with or convicted of a criminal act or omission; or

(5) *insured* was impaired by drugs or alcohol;

   b. *bodily injury* or *property damage* arising out of *business* pursuits of any *insured*, except as provided in item **c.** below. This exclusion does not apply to activities that are ordinarily incident to non-*business* pursuits;

20

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

c.  **bodily injury** or **property damage** arising out of the rental of any part of any premises by any **insured**. This exclusion does not apply:

 (1) to the rental of the **residence premises**:

   (a) either completely or in part, for exclusive use as a residence, for up to 30 nights in the 12-month period prior to the date of the loss;

   (b) in part, for use as a permanent residence, by either one or two full-time roomers or boarders; or

   (c) in part, as an office, school, studio, or private garage;

 (2) when the **dwelling** on the **residence premises** is a two, three, or four family **dwelling** and **you** occupy one part and rent the other part to others;

 (3) to farm land (without buildings), rented to others, but not to exceed a total of 500 acres, regardless of the number of locations; or

 (4) to activities that are ordinarily incident to non-**business** pursuits;

d.  **bodily injury** or **property damage** arising out of the rendering or failing to render professional services;

e.  **bodily injury** or **property damage** arising out of any premises currently owned or rented to any **insured** which is not an **insured location**. This exclusion does not apply to **bodily injury** to a **residence employee** arising out of and in the course of the **residence employee's** employment by an **insured**;

f.  **bodily injury** or **property damage** arising out of the ownership, maintenance, use, loading, or unloading of:

 (1) an aircraft. This exclusion does not apply to the ownership, maintenance, use, loading, or unloading of unmanned aircraft systems used as model aircraft:

   (a) solely for recreational or hobby purposes;

   (b) designed to be operated within the visual line of sight of the operator and operated within the visual line of sight of the operator; and

   (c) weighing not more than 55 pounds at the time of operation;

  unless the ownership, maintenance, use, loading, or unloading of such aircraft results in:

   (a) **property damage** to any aircraft; or

   (b) **bodily injury** or **property damage** resulting from interference with an aircraft carrying people regardless of whether the **bodily injury** or **property damage** is sustained by people or property on the aircraft or not;

 (2) a **motor vehicle** owned or operated by or rented or loaned to any **insured**; or

 (3) a watercraft:

   (a) owned by or rented to any **insured** if it has inboard or inboard-outdrive motor power of more than 50 horsepower;

   (b) owned by or rented to any **insured** if it is a sailing vessel, with or without auxiliary power, 26 feet or more in overall length;

   (c) powered by one or more outboard motors with more than 25 total horsepower owned by any **insured**;

   (d) designated as an airboat, air cushion, or similar type of craft; or

   (e) owned by any **insured** if it is a personal watercraft using a water jet pump powered by an internal combustion engine as the primary source of propulsion.

  This exclusion does not apply to **bodily injury** to a **residence employee** arising out of and in the course of the **residence employee's** employment by an **insured**. Exclusion f.(3) does not apply while the watercraft is on the **residence premises**;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

g. **bodily injury** or **property damage** arising out of:

  (1) the entrustment by any **insured** to any person;

  (2) the supervision by any **insured** of any person;

  (3) any liability statutorily imposed on any **insured**; or

  (4) any liability assumed through an unwritten or written agreement by any **insured**;

  with regard to the ownership, maintenance, or use of any aircraft, watercraft, or **motor vehicle** not covered under Section II of this policy;

h. **bodily injury** or **property damage** caused directly or indirectly by war, including undeclared war, or any warlike act including destruction, seizure, or use for a military purpose, or any consequence of these. Discharge of a nuclear weapon will be considered a warlike act even if accidental;

i. **bodily injury** to any **insured** within the meaning of part 9.a., 9.b., or 9.c. of the definition of **insured**.

  This exclusion also applies to any claim made or suit brought against any **insured** within the meaning of part 9.a., 9.b., or 9.c. of the definition of **insured** to share damages with or repay someone else who may be obligated to pay damages because of the **bodily injury** sustained by any **insured** within the meaning of part 9.a., 9.b., or 9.c. of the definition of **insured**;

j. any claim made or suit brought against any **insured** by:

  (1) any person in the care of any **insured** because of child care services provided by or at the direction of:

    (a) any **insured**;

    (b) any employee of any **insured**; or

    (c) any other person actually or apparently acting on behalf of any **insured**; or

  (2) any person who makes a claim because of **bodily injury** to any person in the care of

any **insured** because of child care services provided by or at the direction of:

  (a) any **insured**;

  (b) any employee of any **insured**; or

  (c) any other person actually or apparently acting on behalf of any **insured**.

This exclusion does not apply to the occasional child care services provided by any **insured**, or to the part-time child care services provided by any **insured** under 19 years of age;

k. **bodily injury** or **property damage** arising out of an **insured's** participation in, or preparation or practice for, any prearranged or organized race, speed or demolition contest, or similar competition involving a motorized land vehicle or motorized watercraft. This exclusion does not apply to a sailing vessel less than 26 feet in overall length with or without auxiliary power;

l. **bodily injury** or **property damage** arising out of the use, sale, manufacture, distribution, delivery, transfer, or possession, by any **insured**, of any substance that is illegal or is a controlled substance under either federal or state law.

  This exclusion does not apply to the legitimate use of legally prescribed drugs, under either federal or state law, by a person following orders of a licensed health care professional;

m. **bodily injury** or **property damage** arising out of the actual, alleged, or threatened presence, discharge, dispersal, seepage, migration, release, escape of, or exposure to contaminants or pollutants at or from any source or location.

  Contaminants and pollutants include but are not limited to any solid, liquid, gaseous, or thermal irritant, including smoke from agricultural smudging or industrial operations, smog, soot, vapor, fumes, acids, alkalis, chemicals, pathogens, noxious substances, fuel oil, asbestos, or lead.

  This exclusion does not apply to **bodily injury** or **property damage** arising out of smoke or fumes caused by fire or explosion.

  **We** also do not cover:

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

(1) any loss, cost, or expense arising out of any request, demand, order, or statutory or regulatory requirement that any *insured* or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate, dispose of, or in any way respond to or assess the effects of contaminants or pollutants;

(2) any loss, cost, or expense arising out of any claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, disposing of, or in any way responding to or assessing the effects of contaminants or pollutants; or

(3) contamination or pollution arising out of actually or allegedly defective building materials, nuclear substances, or waste. Waste includes materials to be recycled, reconditioned, or reclaimed;

n. *bodily injury* or *property damage* arising out of any actual, alleged, or threatened:

(1) sexual harassment, sexual molestation, or sexual misconduct;

(2) physical or mental abuse; or

(3) corporal punishment;

by the *insured*;

o. *bodily injury* or *property damage* arising out of the actual, alleged, or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any *fungus* at or from any source or location.

*We* also do not cover any loss, cost, or expense arising out of any:

(1) request, demand, order, or statutory or regulatory requirement that any *insured* or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate, dispose of, or in any way respond to or assess the effects of *fungus*; or

(2) claim or suit for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, disposing of, or in any way responding to or assessing the effects of *fungus*; or

p. *bodily injury* or *property damage* arising out of the ownership, maintenance, or use of systems and equipment used to generate electrical power exceeding 125 percent of the actual electrical power usage by the *residence premises* in the 12-month period prior to the date of the loss.

2. Coverage L does not apply to:

a. liability:

(1) for *your* share of any loss assessment charged against all members of any type of association of property owners; or

(2) imposed on or assumed by any *insured* through any unwritten or written contract or agreement. This exclusion does not apply to liability for damages that the *insured* would have in absence of the contract or agreement;

b. *property damage* to property owned by any *insured* at the time of the *occurrence*;

c. *property damage* to property rented to, used or occupied by, or in the care, custody, or control of any *insured* at the time of the *occurrence*. This exclusion does not apply to *property damage* caused by fire, smoke, explosion, or abrupt and accidental damage from water;

d. *bodily injury* to a person eligible to receive any benefits required to be provided or voluntarily provided by an *insured* under a workers' compensation, non-occupational disability, or occupational disease law.

This exclusion also applies to *bodily injury* to any person eligible to receive any benefits required to be provided by an *insured* under the Indiana Workers' Compensation statutes arising out of a failure of any *insured* to exact from a contractor or subcontractor a certificate from the workers' compensation board showing that the contractor or subcontractor has complied with the applicable workers' compensation insurance requirements;

© Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

e. *bodily injury* or *property damage* for which an *insured* under this policy is also an insured under a nuclear energy liability policy or would be an insured but for its termination upon exhaustion of its limit of liability. A nuclear energy liability policy is a policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada, or any of their successors; or

f. *bodily injury* or *property damage* arising out of any real property any *insured* has sold or transferred. This includes but is not limited to *bodily injury* or *property damage* arising out of known, unknown, hidden, or alleged property conditions, problems, or defects.

This exclusion also applies to any *property damage* to the sold or transferred real property itself.

However, this exclusion does not apply to:

(1) *bodily injury* arising out of fire, smoke, explosion, electrocution, or carbon monoxide poisoning; or

(2) *property damage* arising out of fire, smoke, or explosion.

3. Coverage M does not apply to *bodily injury*:

a. to a *residence employee* if it occurs off the *insured location* and does not arise out of or in the course of the *residence employee's* employment by an *insured*;

b. to a person eligible to receive any benefits required to be provided or voluntarily provided under any workers' compensation, non-occupational disability, or occupational disease law.

This exclusion also applies to *bodily injury* to any person eligible to receive any benefits required to be provided by an *insured* under the Indiana Workers' Compensation statutes arising out of a failure of any *insured* to exact from a contractor or subcontractor a certificate from the workers' compensation board showing that the contractor or subcontractor has complied with the applicable workers' compensation insurance requirements;

c. to a person other than a *residence employee* of an *insured*, regularly residing on any part of the *insured location*; or

d. from nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

## SECTION II – CONDITIONS

1. **Limit of Liability.** The Coverage L limit is shown in the *Declarations*. This is the limit for all damages from each *occurrence* for the policy period in which the *bodily injury* or *property damage* first occurs, regardless of the number of *insureds*, claims made, or persons injured. No additional limits or coverage will be available for the *occurrence* under any additional policy periods while this policy remains in force.

The Coverage M limit is shown in the *Declarations*. This is *our* limit for all medical expenses for *bodily injury* to one person as the result of one accident.

2. **Severability of Insurance.** This insurance applies separately to each *insured*. This condition does not increase *our* limit of liability for any one *occurrence*.

3. **Duties After Loss.** In case of an accident or *occurrence*, the *insured* must cooperate with *us* in the investigation, settlement, or defense of any claim or

suit and also perform the following duties that apply. *You* must cooperate with *us* in seeing that these duties are performed:

a. give written notice to *us* or *our* agent as soon as possible, which sets forth:

(1) the identity of this policy and the *insured*;

(2) reasonably available information on the time, place, and circumstances of the accident or *occurrence*; and

(3) names and addresses of any claimants and available witnesses;

b. immediately forward to *us* every notice, demand, summons, or other process relating to the accident or *occurrence*;

c. at *our* request, assist in:

24

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

(1) making settlement;

(2) the enforcement of any right of contribution or indemnity against a person or organization who may be liable to an *insured*;

(3) the conduct of suits and attend hearings and trials; and

(4) securing and giving evidence and obtaining the attendance of witnesses;

d. under **SECTION II – ADDITIONAL COVER-AGES, Damage to Property of Others,** exhibit the damaged property if within the *insured's* control; and

e. the *insured* must not, except at the *insured's* own cost, voluntarily make payments, assume obligations, or incur expenses. This does not apply to expense for first aid to others at the time of the *bodily injury*.

4. **Coverage M Requirements. *We*** may require the following in regard to any Coverage M claim:

a. written proof of claim, under oath if required, as soon as possible from the injured person, or when appropriate, someone acting on behalf of that person;

b. the injured person's submission to physical examinations by a physician selected by *us* when and as often as *we* reasonably require; and

c. any authorizations from the injured person as *we* may require.

5. **Payment of Claim – Coverage M or Damage to Property of Others.** Payment under either of these is not an admission of liability by an *insured* or *us*.

6. **Suit Against Us.** No action will be brought against *us* unless there has been compliance with the policy provisions.

No one will have the right to join *us* as a party to an action against an *insured*. Further, no action with respect to Coverage L will be brought against *us* until the obligation of the *insured* has been determined by final judgment on the merits, after an actual trial or by an agreement signed by *us*; but *we* will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable Limit of Liability.

7. **Bankruptcy of an Insured.** Bankruptcy or insolvency of an *insured* will not relieve *us* of *our* obligation under this policy.

8. **Other Insurance – Coverage L.** This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

## SECTION I AND SECTION II – CONDITIONS

1. **Policy Period.** This policy applies only to loss under Section I or *bodily injury* or *property damage* under Section II that occurs during the period this policy is in effect.

2. **Concealment or Fraud.** This policy is void as to *you* and any other *insured* if *you* or any other *insured* under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

3. **Liberalization Clause.** If *we* adopt any revision that would broaden coverage under this policy without additional premium, within 60 days prior to or during the period this policy is in effect, the broadened coverage will immediately apply to this policy.

4. **Waiver or Change of Policy Provisions.** A waiver or change of any provision of this policy must be in writing by *us* to be valid. *Our* request for an appraisal or examination does not waive any of *our* rights.

5. **Cancellation.**

a. *You* may cancel this policy at any time by giving *us* advance written notice of the date cancellation is to take effect. *We* may waive the requirement that the notice be in writing by confirming the date and time of cancellation to *you* in writing.

b. *We* may cancel this policy only for the reasons stated in this condition. *We* will notify *you* in writing of the date cancellation takes effect. This cancellation notice may be delivered to *you*, or mailed to the last mailing address known to *us*. Proof of mailing will be sufficient proof of notice:

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018
H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

(1) When *you* have not paid the premium, *we* may cancel at any time by notifying *you* at least 10 days before the date cancellation takes effect. This condition applies whether the premium is payable to *us* or *our* agent or under any finance or credit plan.

(2) When this policy has been in effect for less than 60 days and is not a renewal with *us*, *we* may cancel for any reason. *We* may cancel by notifying *you* at least 30 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with *us*, *we* may cancel only for one or more of the following reasons:

   (a) nonpayment of premium;

   (b) discovery of fraud or material misrepresentation made by *you* or with *your* knowledge in obtaining the policy, continuing the policy or in presenting a claim under the policy;

   (c) discovery of willful or reckless acts or omissions by *you* which increase any hazard insured against;

   (d) the occurrence of a change in the risk which substantially increases any hazard insured against after insurance coverage has been issued;

   (e) a violation of any local fire, health, safety, building or construction regulation or ordinance with respect to any insured property or the occupancy thereof which substantially increases any hazard insured against;

   (f) a determination by the Insurance Commissioner that continuation of the policy would place *us* in violation of the insurance laws of this state; or

   (g) delinquent real property taxes on the insured property for two or more years which continue to be delinquent at the time the notice of cancellation is issued.

*We* may cancel this policy by notifying *you* at least 30 days before the date cancellation takes effect.

(4) When this policy is written for a period longer than one year, *we* may cancel for any reason at anniversary. *We* may cancel by notifying *you* at least 30 days before the date cancellation takes effect.

c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded. The return premium will be pro rata.

d. The return premium may not be refunded with the notice of cancellation or when this policy is returned to *us*. In such cases, *we* will refund it within a reasonable time after the date cancellation takes effect.

6. **Nonrenewal.** *We* may elect not to renew this policy. If *we* elect not to renew, a written notice will be delivered to *you*, or mailed to the last mailing address known to *us*. The notice will be mailed or delivered at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

7. **Assignment of Policy.** Assignment of this policy will be void and *we* will not recognize any such assignment, unless *we* give *our* written consent.

8. **Subrogation and Reimbursement.**

   a. **Subrogation.**

      (1) Applicable to SECTION I:

         If any *insured* to or for whom *we* make payment under this policy has rights to recover damages from another, those rights are transferred to *us* to the extent of *our* payment. That *insured* must do everything necessary to secure *our* rights and must do nothing after loss to impair them. However before a loss, an *insured* may waive in writing all rights of recovery against any person.

      (2) Applicable to SECTION II:

         If any *insured* has rights to recover all or part of any payment *we* have made under this policy, those rights are transferred to

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018
H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

*us.* An *insured* must do nothing after loss to impair them. At *our* request, an *insured* will bring suit or transfer those rights to *us* and help *us* enforce them.

Subrogation does not apply under Section II to **Medical Payments to Others** or **Damage to Property of Others.**

b. **Reimbursement.**

If *we* make payment under this policy and any *insured* to or for whom *we* make payment recovers or has recovered from another person or organization, then the *insured* to or for whom *we* make payment must:

(1) hold in trust for *us* the proceeds of any recovery; and

(2) reimburse *us* to the extent of *our* payment.

9. **Death.** If *you* die:

a. *we* insure the legal representative of the deceased. This condition applies only with respect to the premises and property of the deceased covered under this policy at the time of death;

b. *insured* includes:

(1) any member of *your* household who is an *insured* at the time of *your* death, but only while a resident of the *residence premises*; and

(2) with respect to *your* property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

10. **Conformity to State Law.** When a policy provision is in conflict with the applicable law of the state in which this policy is issued, the law of the state will apply.

11. **Premium.**

a. Unless as otherwise provided by an alternative payment plan in effect with the *State Farm Companies* with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown in the most recently issued *Declarations.*

b. The renewal premium for this policy will be based upon the rates in effect, the coverages

carried, the applicable limits, deductibles, and other elements that affect the premium applicable at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other products from the *State Farm Companies.*

d. *Your* purchase of this policy may allow:

(1) *you* to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the *State Farm Companies,* subject to their applicable eligibility rules; or

(2) the premium for other products purchased by *you* and provided by the *State Farm Companies* to vary.

12. **Right to Inspect.**

a. *We* have the right but are not obligated to perform the following:

(1) make inspections and surveys of the *insured location* at any time;

(2) provide *you* with reports on conditions *we* find; or

(3) recommend changes.

Any inspections, surveys, reports, or recommendations relate only to insurability and the premiums to be charged.

b. *We* do not:

(1) make safety inspections;

(2) undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public;

(3) warrant that conditions are safe or healthful; or

(4) warrant that conditions comply with laws, regulations, codes, or standards.

This condition applies to *us* and to any rating, advisory, rate service, or similar organization that makes insurance inspections, surveys, reports, or recommendations on *our* behalf.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018
H4-2114

13. **Joint and Individual Interests.** When there are two or more Named Insureds, each acts for all to cancel or change this policy.

14. **Change of Policy Address.** *We* may change the Named Insured's policy address as shown in the *Declarations* and in *our* records to the most recent address provided to *us* by:

    a.  *you*; or

    b.  the United States Postal Service.

15. **Electronic Delivery.** With *your* consent, *we* may, if allowed by state law, electronically deliver any document or notice, including a notice to renew, nonrenew, or cancel, instead of mailing it or delivering it by other means. Proof of transmission will be sufficient proof of notice.

16. **Our Rights Regarding Claim Information.**

    a.  *We* will collect, receive, obtain, use, and retain all the items described in item b.(1) below and use and retain the information described in item b.(3)(b) below, in accordance with applicable federal and state laws and regulations and consistent with the performance of *our* business functions.

    b.  Subject to 16.a. above, *we* will not be restricted in or prohibited from:

        (1)  collecting, receiving, or obtaining records, receipts, invoices, medical bills, medical records, wage information, salary information, employment information, data, and any other information;

        (2)  using any of the items described in item b.(1) above; or

        (3)  retaining:

            (a)  any of the items in item b.(1) above; or

            (b)  any other information *we* have in *our* possession as a result of *our* processing, handling, or otherwise resolving claims submitted under this policy.

    c.  *We* may disclose any of the items in b.(1) above and any of the information described in item b.(3)(b) above:

        (1)  to enable performance of *our* business functions;

        (2)  to meet *our* reporting obligations to insurance regulators;

        (3)  to meet *our* reporting obligations to insurance data consolidators;

        (4)  to meet other obligations required by law; and

        (5)  as otherwise permitted by law.

    d.  *Our* rights under 16.a., 16.b., and 16.c. above will not be impaired by any:

        (1)  authorization related to any claim submitted under this policy; or

        (2)  act or omission of an *insured* or a legal representative acting on an *insured's* behalf.

17. **Duties Regarding Claim Information.** An *insured* or a legal representative acting on an *insured's* behalf must provide *us* with any requested authorizations related to the claim. *Our* rights as set forth under **Our Rights Regarding Claim Information** of this policy will not be impaired by any:

    a.  authorization related to the claim; or

    b.  act or omission of an *insured* or a legal representative acting on an *insured's* behalf.

## CONTINGENT WORKERS' COMPENSATION

*We* agree to issue to *you* a Standard Workers' Compensation Policy at *our* approved rates, premiums and minimum premiums in the event *you* become legally obligated to pay compensation benefits for any person under the Indiana Worker's Compensation law provided:

    a.  that such obligation to pay compensation benefits does not arise out of property, or that part of any property, rented to others or held for such rental, or any other *business*, trade, profession or occupation of *you* or of any partnership or joint venture of which *you* are a partner or member;

© Copyright, State Farm Mutual Automobile Insurance Company, 2018

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

b.   *you* have not elected, and will not elect without 30 days written notice received by *us*, to provide and pay compensation according to provisions of the Indiana Worker's Compensation law;

c.   *you* were not subject as an employer to the provisions of the Indiana Worker's Compensation law either on the date which this endorsement is made a part of this policy or on the most recent renewal date of this policy, whichever is later;

d.   *you* do not have in effect on the date of any accident that results in such obligation a policy providing Workers' Compensation benefits for the person with respect to whom the obligation arises;

e.   this provision applies only to accidents which occur on or after the date on which this endorsement is made a part of this policy.

Coverage under this provision shall not apply to any person whose duties are principally in connection with the farming operations of the *insured*.

The Standard Workers' Compensation Policy to be issued shall be effective on the effective date of this policy or on the date of commencement of the operations in which such person or persons were engaged at the time of the injury, whichever is later.

Reference above to the Indiana Worker's Compensation law shall also include the "Occupational Disease Act" if applicable.

None of the terms of this policy apply to the insurance afforded by this provision except the cancellation and nonrenewal provisions.

All other policy provisions apply.

## OPTIONAL POLICY PROVISIONS

Each Optional Policy Provision applies only as shown in the *Declarations* and is subject to all the terms, provisions, exclusions, and conditions of this policy.

**Option BP – Business Property. The COVERAGE B – PERSONAL PROPERTY, Special Limits of Liability,** item b., for property used or intended for use in a *business,* including merchandise held as samples or for sale or for delivery after sale, is changed as follows:

The $1,500 limit is replaced with the amount shown in the *Declarations* for this option.

**Option BU – Business Pursuits. SECTION II – EXCLUSIONS,** item 1.b. is modified as follows:

1.   Section II coverage applies to the *business* pursuits of an *insured* who is a:

a.   clerical office employee, salesperson, collector, messenger; or

b.   teacher (except college, university, and professional athletic coaches), school principal, or school administrator;

while acting within the scope of the above listed occupations.

2.   However, no coverage is provided:

a.   for *bodily injury* or *property damage* arising out of a *business* owned or financially controlled by the *insured* or by a partnership of which the *insured* is a partner or member;

b.   for *bodily injury* or *property damage* arising out of the rendering of or failure to render professional services of any nature (other than teaching or school administration). This exclusion includes but is not limited to:

(1)   computer programming, architectural, engineering, or industrial design services;

(2)   medical, surgical, dental, or other services or treatment conducive to the health of persons or animals; and

(3)   beauty or barber services or treatment;

c.   for *bodily injury* to a fellow employee of the *insured* injured in the course of employment; or

d.   when the *insured* is a member of the faculty or teaching staff of a school or college:

(1)   for *bodily injury* or *property damage* arising out of the maintenance, use, loading, or unloading of:

(a)   draft or saddle animals, including vehicles for use with them; or

(b)   aircraft, *motor vehicles,* recreational *motor vehicles* or watercraft, airboats, air cushions, or personal watercraft which use a water jet pump powered by an internal combustion

© Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

engine as the primary source of propulsion;

owned, operated, or hired by or for the **insured** or employer of the **insured** or used by the **insured** for the purpose of instruction in the use thereof; or

(2) under **Coverage M** for *bodily injury* to a student arising out of corporal punishment administered by or at the direction of the *insured*.

**Option FA – Firearms.** Firearms are covered for accidental direct physical loss or damage.

The limits for this option are shown in the *Declarations*. The first amount is the limit for any one article; the second amount is the aggregate limit for each loss.

The following additional provisions apply:

1.  **We** will not pay for any loss to the property described in this option either consisting of, or directly and immediately caused by, one or more of the following:

    a.  mechanical breakdown, wear and tear, or gradual deterioration;

    b.  all animals, birds, or insects, including nesting, infestation, gnawing, feeding, breeding, or discharge or release of waste products or secretions by animals, birds, or insects. However, *we* will pay for losses caused by wild bears or deer;

    c.  any process of refinishing, renovating, or repairing;

    d.  dampness of atmosphere or extremes of temperatures;

    e.  inherent defect or faulty manufacture;

    f.  rust, fouling, or explosion of firearms;

    g.  breakage, marring, scratching, tearing, or denting unless caused by fire, thieves, or accidents to conveyances; or

    h.  infidelity of an *insured's* employees or persons to whom the insured property may be entrusted or rented;

2.  *Our* limit for loss by any Coverage B peril except theft is the limit shown in the *Declarations* for Coverage B, plus the aggregate limit;

3.  *Our* limits for loss by theft are those shown in the *Declarations* for this option.  These limits apply in lieu of the Coverage B theft limit; and

4.  *Our* limits for loss by any covered peril except those in items 2. and 3. above are those shown in the *Declarations* for this option.

**Option IO – Incidental Business.** The coverage provided by this option applies only to that incidental *business* occupancy on file with *us*.

1.  **COVERAGE B – PERSONAL PROPERTY** is extended to include equipment, supplies, and furnishings usual and incidental to this **business** occupancy.  This Optional Policy Provision does not include electronic data processing system equipment or the recording or storage media used with that equipment or merchandise held as samples or for sale or for delivery after sale.

    The Option IO limits are shown in the *Declarations*. The first limit applies to property on the *residence premises*.  The second limit applies to property while off the *residence premises*.  These limits are in addition to the **COVERAGE B – PERSONAL PROPERTY, Special Limits of Liability** on property used or intended for use in a *business*.

2.  Under Section II, the *residence premises* is not considered *business* property because an *insured* occupies a part of it as an incidental *business*.

3.  **SECTION II – EXCLUSIONS**, item 1.b. is replaced with the following:

    > b.  *bodily injury* or *property damage* arising out of *business* pursuits of any *insured*, except as provided in item c. below.  This exclusion does not apply to activities that are ordinarily incident to non-*business* pursuits or to *business* pursuits of an *insured* that are necessary or incidental to the use of the *residence premises* as an incidental *business*;

4.  This insurance does not apply to:

    a.  *bodily injury* to an employee of an *insured* arising out of the *residence premises* as an incidental *business* other than to a *residence*

30

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

H4-2114

*employee* while engaged in the employee's employment by an *insured*;

b. *bodily injury* to a student arising out of corporal punishment administered by or at the direction of the *insured*;

c. liability arising out of any acts, errors, or omissions of an *insured*, or any other person for whose acts an *insured* is liable, resulting from the preparation or approval of data, plans, designs, opinions, reports, programs, specifications, supervisory inspections, or engineering services in the conduct of an *insured's* incidental *business* involving data processing, computer consulting, or computer programming; or

d. any claim made or suit brought against any *insured* by:

(1) any person in the care of any *insured* because of child care services provided by or at the direction of:

(a) any *insured*;

(b) any employee of any *insured*; or

(c) any other person actually or apparently acting on behalf of any *insured*; or

(2) any person who makes a claim because of *bodily injury* to any person in the care of any *insured* because of child care services provided by or at the direction of:

(a) any *insured*;

(b) any employee of any *insured*; or

(c) any other person actually or apparently acting on behalf of any *insured*.

Coverage M does not apply to any person indicated in d.(1) and d.(2) above.

This exclusion does not apply to the occasional child care services provided by any *insured*, or to the part-time child care services provided by any *insured* under 19 years of age.

**Option JF – Jewelry and Furs.** Jewelry, watches, fur garments and garments trimmed with fur, precious and semi-precious stones, gold other than goldware, silver other than silverware, and platinum are covered for accidental direct physical loss or damage.

The limits for this option are shown in the *Declarations*. The first amount is the limit for any one article; the second amount is the aggregate limit for each loss. All provisions and exclusions of **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY, Theft** apply to Option JF.

The following additional provisions apply:

1. *We* will not pay for any loss to the property described in this option either consisting of, or directly and immediately caused by, one or more of the following:

a. mechanical breakdown, wear and tear, gradual deterioration;

b. all animals, birds or insects, including nesting, infestation, gnawing, feeding, breeding, or discharge or release of waste products or secretions by animals, birds, or insects. However, *we* will pay for losses caused by wild bears or deer;

c. inherent vice; or

d. seizure or destruction under quarantine or customs regulations;

2. *Our* limit for loss by any Coverage B peril except theft is the limit shown in the *Declarations* for Coverage B, plus the aggregate limit;

3. *Our* limits for loss by theft are those shown in the *Declarations* for this option. These limits apply in lieu of the Coverage B theft limit; and

4. *Our* limits for loss by any covered peril except those in items 2. and 3. above are those shown in the *Declarations* for this option.

**Option SG – Silverware and Goldware Theft.** The **COVERAGE B – PERSONAL PROPERTY, Special Limits of Liability**, item i., for theft of silverware and goldware is increased to be the amount shown in the *Declarations* for this option.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

Ward v. State Farm - Exhibit A to Plaintiff's Complaint

14-EB-T843-9   000654

HO-2248
Page 1 of 1

## RENTERS AMENDATORY ENDORSEMENT (Indiana)

This endorsement modifies insurance provided under the following: RENTERS POLICY



**SECTION II – EXCLUSIONS**

Under **SECTION II – EXCLUSIONS**, 2.a. and 2.c. are replaced by the following:

2. Coverage L does not apply to:

   a. liability:

     (1) for *your* share of any loss assessment charged against all members of any type of association of property owners; or

     (2) imposed on or assumed by any *insured* through any unwritten or written contract or agreement. This exclusion does not apply to:

       (a) liability for damages that the *insured* would have in absence of the contract or agreement; or

       (b) written contracts:

         (i) that directly relate to the ownership, maintenance, or use of any *insured location*; or

         (ii) when the liability of others is assumed by *you* prior to the *occurrence*;

       unless excluded elsewhere in the policy;

   c. *property damage* to property rented to, used or occupied by, or in the care, custody, or control of any *insured* at the time of the *occurrence*. This exclusion does not apply to *property damage* caused by:

     (1) fire;

     (2) smoke;

     (3) explosion;

     (4) abrupt and accidental damage from water; or

     (5) household pets, up to $500 in excess of *your* security deposit;

**SECTION I AND SECTION II – CONDITIONS**

Under **Cancellation**, 5.b. is replaced by the following:

   b. *We* may cancel this policy by providing notice to a named insured shown on the *Declarations*. The notice will provide the date cancellation is effective. Proof of mailing or delivery, as required by law, will be sufficient proof of notice.

     (1) When *you* have not paid the premium, *we* may cancel at any time by providing notice at least 10 days before the date cancellation takes

effect. This condition applies whether the premium is payable to *us* or *our* agent or under any finance or credit plan.

     (2) When this policy has been in effect for less than 60 days and is not a renewal with *us*, *we* may cancel for any reason. *We* may cancel by providing notice at least 10 days before the date cancellation takes effect.

     (3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with *us*, *we* may cancel only for one of the following reasons:

       (a) nonpayment of premium;

       (b) discovery of fraud or material misrepresentation made by *you* or with *your* knowledge in obtaining the policy, continuing the policy or in presenting a claim under the policy;

       (c) discovery of willful or reckless acts or omissions by *you* which increase any hazard insured against;

       (d) the occurrence of a change in the risk which substantially increases any hazard insured against after insurance coverage has been issued;

       (e) a violation of any local fire, health, safety, building or construction regulation or ordinance with respect to any insured property or the occupancy thereof which substantially increases any hazard insured against;

       (f) a determination by the Insurance Commissioner that continuation of the policy would place *us* in violation of the insurance laws of this state; or

       (g) delinquent real property taxes on the insured property for two or more years which continue to be delinquent at the time the notice of cancellation is issued

   *We* may cancel this policy by providing notice at least 30 days before the date cancellation takes effect.

**Nonrenewal** is replaced by the following:

   **Nonrenewal.** If *we* decide not to renew this policy, then, at least 30 days before the end of the current policy period, *we* will provide a nonrenewal notice to a named insured shown on the *Declarations*.

**Electronic Delivery** is deleted.

All other policy provisions apply.

HO-2248

©, Copyright, State Farm Mutual Automobile Insurance Company, 2019